The Court, on hearing this bill and answer, and the evidence, made an interlocutory decree, and ordered the bill to stand over till other parties could be added, and gave leave to the plaintiff to amend his bill by annexing an affidavit of the loss of a, deed, which in the original bill is stated to be in the hands of the defendant. The affidavit was so drawn as to confirm the facts stated. The defendant's counsel then moved for leave to amend the answer, and the Court refused the motion saying an answer ought not to be amended so as to draw in new issues, and a new hearing upon them after a former hearing, when the witnesses were dismissed, and when new depositions might become necessary. For by new amendments of the answer from time to time the proceedings might become endless and inextricably perplexed. The party ought to be required to bring forward his defences at once, and have a fair examination upon them. And indeed he ought not to be permitted to add a defence really omitted by mistake, after deposition taken and preparation made for the hearing, so as to make a new examination and preparation necessary; if the defence can be brought forward in a cross-bill or otherwise, without disturbing the arrangements made in the original cause, — or unless it be to correct a mistake in the answer, so as to prevent a criminal prosecution. Now here the defence can be brought forward without interfering with the former evidence. It may be inserted in the answer to the amendment, without any amendment to the former answer. If the same matter be put in the answer to the amendment which has already been disposed of in the former bill, or which is impertinent to the matters alleged in the bill, the plaintiff may except to such matter, and hare it stricken out by order of the Court before replying.